UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUILLERMO TRUJILLO CRUZ,

        Plaintiff,

   vs.

STEBBINS, et al.,

        Defendants.

1:17-cv-00789-AWI-GSA-PC

FINDINGS AND RECOMMENDATIONS,
RECOMMENDING THAT PLAINTIFF'S
IN FORMA PAUPERIS STATUS BE
REVOKED UNDER 28 U.S.C. § 1915(g)
AND THAT PLAINTIFF BE REQUIRED
TO PAY THE $400.00 FILING FEE IN
FULL WITHIN THIRTY DAYS
(ECF No. 1.)

OBJECTIONS, IF ANY, DUE IN 14 DAYS

## I.    BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 12, 2017, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On June 12, 2017, the court issued an order granting Plaintiff leave to proceed *in forma pauperis* with this action.  (ECF No. 4.)

## II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has,

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III.    ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and should be precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  The Court takes judicial notice of the following four cases: (1) Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016); (2) Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016); (3) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); and (4) Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger"

exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint in this action and finds that Plaintiff does not meet the imminent danger exception. <u>See</u> <u>Andrews</u>, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that defendants at Kern Valley State Prison made verbal and written threats against him, in retaliation for Plaintiff filing prison grievances. Plaintiff also alleges that defendants threatened to have him assaulted, and on September 15, 2015, and October 19, 2015, Plaintiff was assaulted by other inmates. Plaintiff alleges that defendants continued to make threats against him and he was under serious risk of being assaulted because of defendants' orders, wishes, and demands.

Plaintiff has not shown that he was under serious risk of imminent physical harm at the time he filed the Complaint in this action. Plaintiff was incarcerated at Pelican Bay State Prison when he filed the Complaint for this action on June 12, 2017. (ECF No. 1 at 1:23-24.) Therefore, Plaintiff was not at risk of harm by any of the defendants when he filed the Complaint as the defendants are located at Kern Valley State Prison while Plaintiff is located at Pelican Bay State Prison. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff's *in forma pauperis* status should be revoked, and he should be required to submit the appropriate filing fee in full for this action before this case proceeds.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's *in forma pauperis* status be revoked, pursuant to 28 U.S.C. § 1915(g); and

2.    Plaintiff be required to submit the $400.00 filing fee in full for this action, within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file

written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 30, 2018**                              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE